IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LATIF SULEMAN, ) | Case No. 4:18-cv-00467 |
| ) | |
| Petitioner, ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| JEFF SESSIONS, ) | |
| ) | |
| Respondent. ) | **REPORT & RECOMMENDATION** |
| ) | |

**I.     Introduction**

Currently before the court is the motion to dismiss filed on April 5, 2018 by respondent, Jeff Sessions. ECF Doc. 4. This matter is before the undersigned pursuant to an order of reference entered by Judge Solomon Oliver, Jr. on March 7, 2018. Because this court no longer has subject matter jurisdiction to consider Suleman's petition, I recommend that the petition be dismissed.

**II.    Statement of Facts**

On February 28, 2018, Suleman filed a petition for writ of habeas corpus and argued that respondent refused to release him even though respondent had been unable to affect Suleman's removal and would be unable to do so in the reasonable foreseeable future. ECF Doc. 1, Page ID# 1. Suleman requested that the court issue a writ of habeas corpus directing the respondent to immediately release him from custody. *Id*. at 4.

Suleman sought asylum at the United States' border on July 25, 2016. *Id*. at 2. An immigration judge ordered that Suleman be removed on February 8, 2016. *Id*. Suleman

appealed the immigration judge's decision, his appeal was dismissed, and the removal order became final on August 11, 2017. *Id*. Six months later, Suleman filed his petition on February 28, 2018. On March 12, 2018. Immigration and Customs Enforcement ("ICE") successfully removed Suleman from the United States to Ghana. ECF Doc. 4-1, Page ID# 12.

**III.     Motion to Dismiss Standard**

A motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may take the form of either a facial or a factual attack. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994). Facial attacks challenge the sufficiency of the pleading itself. *Id.* Factual attacks, on the other hand, challenge the factual existence of subject-matter jurisdiction, regardless of what is or might be alleged in the pleadings. *Id.*

When adjudicating a motion to dismiss based upon a facial attack, the court must accept all material allegations of the complaint as true and must construe the facts in favor of the non-moving party. *Ritchie*, 15 F.3d at 598 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)). *See also Robinson v. Gov't of Malay*., 269 F.3d 133, 140 (2d Cir. 2001) (holding that all reasonable inferences must be drawn in favor of the plaintiff when evaluating a facial attack on subject-matter jurisdiction).

In contrast, a factual attack contests the validity of the facts alleged as support for subject-matter jurisdiction. *Ritchie*, 15 F.3d at 598. With a factual challenge, no presumption of truthfulness arises for either party, and the court must weigh the evidence to determine its power to hear the case. *Id*. (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990)). In this analysis, the court may consider both the pleadings and evidence not contained in the pleadings. *Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000).

**IV.    Law & Analysis**

A district court lacks jurisdiction over a petitioner's habeas claim under 28 U.S.C.S. § 2241 if the petitioner is not in custody.  *See Prieto v. Gluch,* 913 F.2d 1159, 1162 (6th Cir. 1990).  A petition for writ of habeas corpus challenges a government custodian's authority to continue detaining an individual.  Therefore, the individual's release from custody generally moots a habeas petition.  *Lane v. Williams,* 455 U.S. 624, 632 (1982).

The Sixth Circuit has held that a petition for writ of habeas corpus challenging the length of an alien's detention pending removal is rendered moot by the alien's removal from the United States.  *Enazeh v. Davis,* 107 F. App'x 489, 491 (6th Cir. 2004); *Haddad v. Ashcroft,* 76 F. App'x 672, 673 (6th Cir. 2003) (removal moots claims relating to conditions of detention.)  *See also, Lin Su Fang v. Holder*, No. 1:11-cv-313, 2011 WL 2784496 at *3, 2011 U.S. Dist. LEXIS 76112 (N.D. Ohio July 14, 2011) (removal moots habeas petition when petitioner only sought relief from her allegedly unlawful detention.)  Other courts have also held that an alien's release from custody renders moot the alien's habeas petition if it challenged the length or conditions of detention.  *See, e.g., G.S. v. Holder,* 373 F. App'x 836, 844 (10th Cir. 2010) (removal moots issues pertaining to the legality of the detention); *Politis v. Chertoff,* 326 F. App'x 272, 273 (5th Cir. 2009) (deportation moots wrongful detention *Bivens* claim); *Kurtishi v. Cicchi,* 270 F. App'x 197, 199-200 (3d Cir. 2008) (challenge to legality of immigration detention mooted by deportation); *Abdala v. INS,* 488 F.3d 1061, 1065 (9th Cir. 2007) (deportation mooted petition complaining about length of detention at INS facility); *Ferry v. Gonzales,* 457 F.3d 1117, 1132 (10th Cir. 2006) (removal moots habeas petition regarding detention without bond hearing); *Leitao v. Reno,* 311 F.3d 453, 455-456 (1st Cir. 2002) (habeas petition moot upon prisoner's release unless petitioner can show collateral consequences).

Here, respondent has submitted an affidavit attesting to Suleman's removal from the United States and release from ICE custody effective March 12, 2018. ECF Doc. 4-2, Page ID# 17. Because Suleman is no longer being detained by the respondent, Suleman's sole request for relief has been rendered moot. Moreover, because Suleman is no longer in custody the court lacks jurisdiction over his habeas petition. I recommend that the court GRANT respondent's motion to dismiss Suleman's petition for writ of habeas corpus.

## V. Recommendation

Latif Suleman's petition for writ of habeas corpus should be DISMISSED pursuant to Federal Rule of Civil Procedure 12(b)(1).

Dated: April 5, 2018

Thomas M. Parker
United States Magistrate Judge

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See** *U.S. v. Walters*, **638 F.2d 947 (6th Cir. 1981). See also** *Thomas v. Arn,* **474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).**