UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LATIF SULEMAN, | ) | Case No.: 1:18 CV 467 |
| Petitioner | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| JEFF SESSIONS, | ) | |
| Respondent | ) | <u>ORDER OF DISMISSAL</u> |

Currently pending before the court in the above-captioned case is Respondent Jeff Sessions' ("Respondent") Motion to Dismiss (ECF No. 4) Petitioner Latif Suleman's ("Suleman") 28 U.S.C. § 2241 Petition ("Petition") (ECF No. 1) for lack of subject matter jurisdiction. The matter was referred to Magistrate Judge Thomas Parker for a report and recommendation. For the reasons set for below, the court adopts Judge Parker's Report and Recommendation that the Petition be dismissed.

On February 28 2018, filed his Petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, arguing that Respondent refused to release him even though Respondent was unable to effect his removal, and would be unable to do so in the reasonably foreseeable future. (Petition 1, ECF No. 1.) As a result, Suleman requested that the court direct Respondent to immediately release him. (*Id*. at 4.)

On July 25, 2016, Suleman sought asylum at the United States' border. (*Id*. at 2.) On February 8, 2016, an immigration judge ordered that Suleman be removed. (*Id*.) Suleman's appeal

of the immigration judge's decision was dismissed, and the removal order became final on August 11, 2017. (*Id*.) On March 12, 2018, shortly after the filing of the Petition, Immigration and Customs Enforcement successfully removed Suleman from the United States to Ghana. (Mot. Dismiss 2, ECF No. 4-1.) On April 4, 2018, Respondent filed a Motion to Dismiss the Petition on the grounds that the court lacks subject matter jurisdiction over Petitioner's 28 U.S.C. § 2241 habeas claim because he is no longer in government custody. (ECF No. 4.) Also on April 4, 2018, Magistrate Judge Thomas M. Parker ("Judge Parker") issued a Report and Recommendation ("R&R"), recommending that the court dismiss the Petition for lack of subject matter jurisdiction on that same basis. (ECF No. 5.)

As of the date of this Order, no objection to Judge Parker's R&R has been filed. When no objection has been filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note; *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require the district court review of a magistrate[] [judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

After careful review of Magistrate Judge Parker's R&R, and all other relevant documents in the record, the court finds no clear error. Accordingly, the court adopts as its own Magistrate Judge Parker's R&R (ECF No. 5) in its entirety, and hereby dismisses the Petition for lack of subject matter jurisdiction.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

April 26, 2018